UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

MARLON R. JACKSON                                                                                    PLAINTIFF

v.                                                                         CIVIL ACTION NO. 1:24-CV-P1-JHM

MARK A. THURMOND *et al.*                                                                         DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I.

Plaintiff Marlon R. Jackson brings this action against Simpson County Circuit Court Judge Mark A. Thurmond and Simpson County Prosecutor J. Corey Morgan. Plaintiff sues these Defendants in their official capacities only.

Plaintiff makes the following allegations in the complaint:

On Feb 5, 2023, I was arrested and brought to jail in Simpson County KY. Feb 13 at arraignment we requested that my bond be merged in with the bond I was already on in Warren County for the same victim was an assurity bond that I was released on since November 2022 with no violations of my bond conditions and gainfully employed. On Feb 24 Thurmond reduced my bond to 10% but instilled conditions that would not allow me to be released to my home with my wife and kids, despite the fact that neither my wife nor my kids were involved in my cases. On March 29, 2023 we asked that I be allowed around my own children and for an address change since the house listed originally had been sold and a new one purchased. At this hearing, Corey Morgan mentioned the fact that I had filed a complaint against him in open court for what I believed at the time was Double Jeopardy due to not having the discovery at the time. In retaliation, Thurmond maliciously, intentionally amended his earlier decision to 10% my bond, raising it back to 50K cash effectively giving me an excessive bail which he knew I could not afford to post. In his arrogance he stated that had the judge in Warren County (Hines) known about charges here he would not have released me on assurity. I have appeared multiple times in Hines courtroom and he is well aware of charges here and tried to free me again on Nov. 7, 2023 but was aware that its Franklin that has me incarcerated.

> Thurmond's efforts to generate income for this county by demanding an ankle monitor at great expense to a defendant is reprehensible. His actions and excuses for his actions are nothing short of prejudicial misconduct. Thurmond and Morgan violated my 8th amendment rights subjecting me to excessive bail and cruel and unusual punishment by keeping me especially since in Warren County I'm charged with 3 times the amount of cases I face here, and judge has reportedly tried to free me again due to length of time it will take to try the cases. Issues stated are not grievable through the jail.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

Plaintiff's official-capacity claims against both Judge Thurmond and Defendant Morgan, who are state officials, fail for two reasons. First, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from two state officials in their official capacities, he fails to state a cognizable claim under § 1983. Plaintiff's official-capacity claim against Defendants also fail because claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are, therefore, barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 at 166, 169 (1985); *see also Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also

barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

Accordingly, Plaintiff's official-capacity claims against Defendants for monetary relief must be dismissed for seeking damages from Defendants immune from such relief and for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Even if Plaintiff had sued Judge Thurmond in his individual capacity, the complaint would still fail to state a claim upon against him. This is because judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11; *see also Mills v. Davis*, No. 1:13-cv-57, 2014 U.S. Dist. LEXIS 86152, at *13-15 (E.D. Tenn. 2014) (holding that judicial immunity applied to claim that a judge engaged in discrimination in setting bond); *Arnold v. Greeley*, No. 2:14-cv-58, 2014 U.S. Dist. LEXIS 64820, at *4-5 (W.D. Mich. May 12, 2014) (holding that judicial immunity applied to claim that judge retaliated against plaintiff for filing civil suit). Thus, because Plaintiff's complaint pertains only to actions taken by Judge Thurmond in his judicial capacity and within his jurisdictional authority, any individual-capacity claim against Judge Thurmond would be barred

by judicial immunity and, thus, dismissed for failure to state a claim upon which relief may granted.

As to Defendant Morgan, the United States Supreme Court has extended absolute immunity to shield prosecuting attorneys who are sued in their individual capacities under § 1983 for alleged deprivations of constitutional rights committed in performing their prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). In *Imbler*, the Court noted that those activities "intimately associated with the judicial phase of the criminal process" are functions to which the "reasons for absolute immunity apply with full force." *Id*. at 430. Moreover, "[a]bsolute prosecutorial immunity is not defeated by showing that the prosecutor acted wrongfully or even maliciously." *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (internal quotation marks and citation omitted). Here, Plaintiff's allegations show that Defendant Morgan was acting in his role as an advocate in the judicial phase of the criminal process when he engaged in the conduct objected to by Plaintiff, and he, therefore, enjoys absolute prosecutorial immunity for these actions. Thus, any individual-capacity claim against Defendant Morgan would be subject to dismissal for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: January 4, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011